**BI RONG DONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4334–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Peter D. Lobel, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Molly L. Debusschere, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Bi Rong Dong, a native and citizen of the People's Republic of China, seeks review of a September 13, 2007 order of the BIA affirming the November 8, 2005 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Rong Dong,* No. A98 353 794 (B.I.A. Sept. 13, 2007), *aff'g* No. A98 353 794 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

### A. Past Persecution

██ We conclude that the agency's adverse credibility determination was supported by substantial evidence. In his decision, the IJ properly found that Dong testified inconsistently regarding whether she was fed while in detention. This inconsistency is material to Dong's claim because it relates to whether her time in detention constituted persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

██ Moreover, the IJ found that Dong testified implausibly when she stated that she did not seek medical treatment after

being given little or no food during her ten day detention. Contrary to Dong's argument, this implausibility finding was not impermissibly speculative where the IJ, using his "common sense and ordinary experience," observed that it is implausible that Dong would not need medical attention after going without food for ten days. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Finally, the IJ found that Dong failed to provide evidence corroborating her practice of Christianity. In this regard, because Dong was properly deemed not credible, the IJ did not err in finding that her lack of corroborative evidence rendered her unable to rehabilitate her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2005). Thus, with regard to past persecution, the IJ's adverse credibility determination was supported by substantial evidence.

## B. Well–Founded Fear of Persecution

 Notwithstanding the propriety of the IJ's adverse credibility determination with respect to past persecution, the agency failed to consider whether Dong, as a practicing Christian, had a basis for a well-founded fear of future persecution in China on that ground alone. We have held that an adverse credibility determination as to one claim may undermine other claims based on the same factual predicate. *See e.g., Majidi v. Gonzales,* 430 F.3d 77, 81–82 (2d Cir.2005). In his decision, however, the IJ found that Dong was "partially credible," and concluded that most people would likely believe that she falls within the general definition of a Christian. In *Paul v. Gonzales,* we held that "an asylum claim based solely on evidence of a well-founded fear of *future* per-

secution is not necessarily foreclosed by an IJ's finding that an applicant's anecdotes of *past* persecution are not believable." 444 F.3d 148, 154 (2d Cir.2006). In that case, as here, the IJ made an adverse credibility finding as to past persecution but "expressly accepted that [Paul] was a practicing Christian." *Id.* at 153. Here, because the IJ explicitly found that "most people would likely believe that she falls within the general definition of a Christian,"[2] a claim based on Dong's fear that she "will be persecuted *in the future* because of [her] religious beliefs remained viable." *Id.* at 154. In other words, because Dong's claims for asylum, withholding of removal, and CAT relief based on her fear of future religious persecution "could have succeeded regardless of the IJ's view of petitioner's stories of past persecution, evidence of how Christians are currently being treated" in China should have been considered. *Id.* at 154–55.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** While it is unclear whether the IJ found that Dong is, in fact, a Christian, his finding that she was "partially credible" and that others

"would likely:" believe that she is a Christian makes this case sufficiently analogous to Paul to merit remand.